FILED
NOV - 4 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Theodore Hunter,

    Petitioner,

v.     Civil Action No. 10 1895

Simon Wainwright,

    Respondent.

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of petitioner's application for a writ of *habeas corpus* accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*, deny the petition and dismiss the case.

The extraordinary remedy of *habeas corpus* is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner, a District of Columbia prisoner at the District of Columbia Jail, challenges the local statute governing supervised release, D.C. Code § 24-403.01, on the ground that its execution violates the separation of powers doctrine. He also asserts that the statute does not apply to him as a "Sovereign Moorish American National." Pet. Attach., Aff't of Supporting Factors at 2. Petitioner seeks monetary damages, "recall[]" of the statute and his immediate release.

On March 23, 2010, petitioner was sentenced to one year of incarceration and three years of supervised release. *See* Pet. at 2. It is unclear whether petitioner has legal standing to pursue his challenge at this time but the Court will assume that he does. As the paroling authority for



District of Columbia prisoners, the United States Parole Commission is authorized by § 24-403.01(6) to grant, deny or revoke a District of Columbia offender's parole supervision and to impose or modify his parole conditions. *See* § D.C. Code § 24-131(a); *Thompson v. District of Columbia Dep't of Corrections*, 511 F. Supp.2d 111, 114 (D.D.C. 2007). Because the foregoing statutes govern the execution of a judicially imposed sentence, "[t]he Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers." *Montgomery v. U.S. Parole Comm'n*, Civ. Action No. 06-2133 (CKK), 2007 WL 1232190, at *2 (D.D.C. Apr. 26, 2007) (citing cases); accord *Leach v. U.S. Parole Comm'n*, 522 F. Supp.2d 250, 251 (D.D.C. 2007); *Hammett v. U.S. Parole Comm'n*, Civ. Action No. 10-0442 (JDB), 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010) (observing that "[t]his argument, and similar separation of powers arguments, have been raised often and rejected each time."). Accordingly, the petition for a writ of *habeas corpus* is denied. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November 3, 2010